UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 19-5647 DMG (KS)            Date: July 2, 2019

Title    *Herminio Martinez Rodriguez v. Josie Gastelo, Warden*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On June 28, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) According to the Petition, on September 30, 2013, Petitioner was sentenced to 18 years in prison after he pleaded nolo contendere to first degree residential burglary with serious felony enhancement (violations of California Penal Code §§ 459/460 and 667(a)(1)). (Petition at 2.) Petitioner did not appeal. (Petition at 3.)

On April 27, 2018, more than four years after his conviction became final, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court (case no. KA102151-01), which denied the petition as untimely on May 16, 2018. (Petition at 3; *see also* Attachment to Petition at Page ID 32[1].) On July 19, 2018, Petitioner sought collateral review in the California Court of Appeal (case no. B291394), which denied relief on July 27, 2018, citing *In re Clark* (1993) 5 Cal.4th 750, 783 and stating, "Petitioner is procedurally defaulted from challenging the validity of his 2013 conviction due to his inadequately explained delay in seeking relief." (Petition at 4; *see also* Attachment to Petition at Page ID 37.) Petitioner then pursued habeas relief in the California Supreme Court (case no. S250810), which denied relief on February 20, 2019 with citation to *In re Robbins* (1998) 18 Cal.4th 770, 780 and found Petitioner's claims untimely. (*See* Petition at 4-5; *see also* Attachment to Petition at Page ID 38.)

---

[1]    For ease of reference, the Court cites to the CM/ECF page identifiers.

Case No.   CV 19-5647 DMG (KS)                                      Date: July 2, 2019

Title     *Herminio Martinez Rodriguez v. Josie Gastelo, Warden*

     The Petition presents three claims for relief:  (1) "Arresting officers failed to provide defendant a timely judicial determination of probable cause without unnecessary or within 48 hours of arrest upon being arrested without a warrant" (errors in original); (2) "All evidence is inadmissable [sic] under the U.S. Supreme Court's Exclusionary Rule;" and (3) Petitioner received ineffective assistance of counsel on the part of court appointed trial counsel.  (Petition at 5-6.)

     Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  The Court has identified a defect in the Petition that suggests that it must be dismissed.

     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claims presented could have been discovered through due diligence.

*See* 28 U.S.C. § 2244(d)(1).  The limitation period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This is commonly referred to as "gap tolling."  *See Carey v. Saffold*, 536 U.S. 214 (2002).

Here, Petitioner's conviction became final on December 29, 2013, *i.e.*, 90 days after he was convicted and sentenced on September 30, 2013. Therefore, absent tolling, Petitioner was required to file his federal habeas petition no later than December 29, 2014, that is, within one year after his sentence became final. A habeas petitioner may be entitled to gap tolling of the limitations period during the pendency of collateral proceedings in state court, but here, Petitioner did not seek collateral review until more than three years *after* the AEDPA statute of limitations had expired. When, as here, a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("[B]ecause [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

The Petition also does not suggest that Petitioner is entitled to equitable tolling. Petitioner has not alleged any extraordinary circumstances that prevented him from timely filing this action nor established diligence in pursuing his rights since the conclusion of direct review. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).

Accordingly, the Petition must be dismissed as untimely.

Nevertheless, in the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before August 2, 2019 why the Petition should not be dismissed** – that is, Petitioner must file, no later than **August 2, 2019**, a First Amended Petition For Writ Of Habeas Corpus that: includes specific factual allegations demonstrating that *either* the Petition is timely under 28 U.S.C. § 2244(d)(1) *or* Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41(b) of the Federal Rules of Civil Procedure.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 19-5647 DMG (KS) | Date: July 2, 2019 |
| Title *Herminio Martinez Rodriguez v. Josie Gastelo, Warden* | |

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | gr |